# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD SIMPSON,  CIVIL ACTION NO. 06-11967

    Petitioner,  HONORABLE DENISE PAGE HOOD

v.

MILLICENT WARREN,

    Respondent.
_____/

**Proof of Service**

The undersigned certifies that a copy of the foregoing Order was served on the attorneys of record and plaintiff herein by electronic means and U.S. Mail, respectively on **February 10, 2010.**
    s/Kim Grimes
*Case Manager Supervisor*

## ORDER DENYING CERTIFICATE OF APPEALABILITY

**I.    Introduction**

On September 29, 2009, this Court issued an Opinion and Order Conditionally Granting Petitioner's Petition for Writ of Habeas Corpus on Petitioner's claim of prosecutorial misconduct. On October 5, 2009, Respondent filed a Notice of Appeal and on October 13, 2009, this Court granted Respondent's Motion to Stay Pending Appeal. On October 28, 2009, Petitioner filed a Notice of Cross-Appeal.

Before Petitioner may appeal the Court's dispositive decision denying his petition for a writ of habeas corpus on his six other claims, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raised seven claims in his petition for a writ of habeas corpus. This Court granted Petitioner a conditional writ of habeas corpus as to Petitioner's claim of prosecutorial misconduct.[1] In his petition, Petitioner also argued that he was entitled to habeas relief due to state court error by relying on Michigan Court Rule 6.508(D) to deny him relief on his motion for relief from judgment. Petitioner next argued that the trial court erred by trying him by separate jury with his co-defendant and not providing him a completely separate trial. Additionally, Petitioner argued that the prosecution suppressed favorable evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Petitioner also argued that he was denied the effective assistance of trial and appellate counsel. Lastly, Petitioner asserted that his sentence of thirty to fifty years imprisonment violates due process and constitutes cruel and unusual punishment.

**II.     Discussion**

Petitioner first argued that the state post-conviction court erred by relying on Michigan Court Rule 6.508(D) to deny his motion for relief from judgment. This Court denied Petitioner relief on this claim because alleged errors of state procedural law are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F. 2d 18 (6th Cir. 1981). The Court concludes that jurists of reason would not find this Court's conclusion in regard to this claim debatable or wrong. Petitioner is not entitled to a certificate of appealability on this claim.

---

[1] Petitioner has not identified the particular claims he seeks appellate review on, the Court will therefore review the six claims that this Court denied habeas relief on.

Petitioner next argued that he was denied a fair trial because he was tried by a separate jury in a joint trial with his co-defendant. This Court found that Petitioner was not entitled to relief on this claim because there is an absence of Supreme Court precedent establishing a federal right to severance. *See Phillips v. Million*, 374 F. 3d 395, 398 (6th Cir. 2004). The Court concludes that reasonable jurists would not debate the Court's assessment of Petitioner's claim. Petitioner is not entitled to a certificate of appealability on this claim.

In his petition, Petitioner argued that the prosecution failed to disclose favorable evidence to the defense in violation of *Brady, supra*. The Court denied Petitioner relief on this claim because he failed to demonstrate that the information was unavailable from any other source, nor that the evidence was particularly exculpatory or material to Petitioner's guilt of the charged offenses. *See Strickler v. Greene*, 527 U.S. 263 (1999). The Court concludes that jurists of reason would not find this Court's conclusion debatable or wrong. Petitioner is not entitled to a certificate of appealability on this claim.

Next, Petitioner argued that he was denied the effective assistance of trial counsel. This Court concluded that Petitioner was not entitled to relief on this claim because he failed to show that his counsel's performance was deficient or that he was prejudiced by counsel's failure to investigate the circumstances surrounding two witness' statements to the police. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Court finds that reasonable jurists could not debate the Court's conclusion on this claim.

As to Petitioner's claim of ineffective assistance of appellate counsel, the Court concluded that Petitioner had not demonstrated that counsel's performance fell outside the wide range of professionally competent assistance for his failure to raise the issues presented in Petitioner's

federal habeas petition. The Court finds that reasonable jurists could not debate the Court's conclusion that Petitioner did not present a claim of ineffective assistance of appellate counsel upon which habeas relief may be granted. Petitioner is not entitled to a certificate of appealability on this claim.

In his last claim, Petitioner argued that his sentence of thirty to fifty years imprisonment violates due process and constitutes cruel and unusual punishment. This Court denied Petitioner relief on this claim finding that his claim was not cognizable on habeas review because it was essentially a state claim as Petitioner claimed trial court error in departing above the guideline range. *See Lewis v. Jeffers*, 497 U.S. 764 (1990); *Oviedo v. Jago*, 809 F. 2d 326 (6th Cir. 1987). The Court finds that reasonable jurists could not debate the Court's conclusion that Petitioner's claim of judicial error at sentencing was not a claim upon which habeas relief could be granted. Petitioner is not entitled to a certificate of appealability on this claim.

### III.  Conclusion

Accordingly,

The Court therefore declines to issue a Certificate of Appealability.

Nevertheless, Petitioner may proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

                                                 s/Denise Page Hood  
                                                 DENISE PAGE HOOD  
                                                 UNITED STATES DISTRICT JUDGE

Dated: February 10, 2010